UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIERRA SHANTA MARTIN, o/b/o K.B., <br><br> Plaintiff, <br><br> v. <br><br> LEGAL SERVICES OF EASTERN MISSOURI, <br><br> Defendant. | No. 4:21-cv-957-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Kierra Martin's motion for leave to proceed *in forma pauperis* and submission of a civil complaint. Plaintiff will be granted leave to proceed *in forma pauperis*, and this action will be dismissed for want of jurisdiction.

**Legal Standard**

The Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). Moreover, a complaint filed *in forma pauperis* must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint against Legal Services of Eastern Missouri.[1] As an initial matter, the Court notes plaintiff indicates she intends to bring this action on her own behalf and on behalf of her child, and she has filed a motion seeking appointment as her child's next friend. Plaintiff does not indicate, nor is it apparent, that she is a licensed attorney. Therefore, while she may plead and conduct her own case personally, *see* 28 U.S.C. § 1654, she may not represent her child's interests in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (minor child cannot bring § 1983 suit through parent acting as next friend if parent is not represented by counsel).

---

[1] This case is one of 7 civil actions plaintiff has brought *pro se* and *in forma pauperis* in this Court since February 25, 2019. *See Martin v. Swearingen,* No. 4:19-cv-314-HEA (E.D. Mo. Feb. 25, 2019); *Martin et al. v. Benett,* No. 4:19-cv-315-SNLJ (E.D. Mo. Feb. 25, 2019); *Martin et al. v. Dunne,* No. 4:19-cv-541-HEA (E.D. Mo. Mar. 19, 2019); *Martin v. Benett,* No. 4:19-cv-2933-NCC (E.D. Mo. Oct. 29, 2019); *Martin v. Swearingen,* No. 4:19-cv-3082 JCH (E.D. Mo. Nov. 12, 2019); and *Martin v. St. Louis City Family Court, et al.*, No. 4:21-cv-958-NAB (E.D. MO. Jul. 30, 2021). The claims plaintiff asserted in many of those actions are similar to those asserted in the instant complaint. This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted).

Plaintiff's motion for appointment as next friend will be denied, and the Court will continue to review the complaint as brought by plaintiff on her own behalf.

Plaintiff invokes this Court's federal question jurisdiction, and identifies her claims as "Legal Malpractice, Negligence, Professional Misconduct." (ECF No. 1 at 3). She identifies herself and the defendant as Missouri citizens, and does not specify an amount in controversy. She sets forth her statement of claim as follows.

In 2018, "[a]ttorney had all my [illegible] I called several time[s] he said he will handle and he just put it to the side I never heard back." *Id.* at 5. She also writes:

> They didn't do anything. They were supposed to file a[] tort claim on my behalf and I never heard back. They file for other parties and not me and I stated that were [illegible] my child [illegible] and need to get that false [judgment] off my name. Negligence.

*Id.* Plaintiff identifies her injuries as loss of her child, and damage to her name.

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). As noted above, if this Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Here, plaintiff invokes this Court's federal question jurisdiction, but she asserts no claims that arise under the Constitution, laws, or treaties of the United States. Plaintiff may have intended to bring claims pursuant to 42 U.S.C. § 1983, but she does not allege that any of her federally-protected rights were violated, nor does she allege the defendant acted under color of state law or took action that could be "fairly attributable to the State," as required to state a § 1983 claim. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *see West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff does not cite, nor is the Court aware, of any other federal statute under which her claims could be brought. The Court therefore concludes that plaintiff's assertion of this Court's federal question jurisdiction is patently meritless, and that her allegations fail to present a non-frivolous claim of a right or remedy under 42 U.S.C. § 1983 or any other federal statute.

It is clear this Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff avers she and the defendant are Missouri citizens, and she makes no attempt to allege an amount in controversy that meets the jurisdictional threshold. As set forth on the complaint form, plaintiff signed the complaint under penalty of perjury that it was true and correct. (ECF No. 1 at

6). In doing so, she certified that her representations to the Court, including those regarding the citizenship of herself and the defendant, had evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). It is therefore clear that the parties are not diverse, and this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, for the foregoing reasons, this action will be dismissed for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment as next friend (ECF No. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED AS MOOT.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of August, 2021.

                                            _____
                                            JOHN A. ROSS
                                            UNITED STATES DISTRICT JUDGE